UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHALENE V. LASWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:12-cv-00489-SEB-DML |
| CAROLYN W. COLVIN, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## Report and Recommendation on
## Plaintiff's Complaint for Judicial Review

### Introduction

The Honorable Sarah Evans Barker designated this magistrate judge, as provided by 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(a), to issue a report and recommendation on the complaint by plaintiff Kathalene V. Laswell seeking judicial review of a decision of the Commissioner of the Social Security Administration that Ms. Laswell was not entitled to Disability Insurance Benefits under Title II of the Social Security Act.

The Commissioner has moved to dismiss Ms. Laswell's complaint under Fed. R. Civ. P. 12(b)(1), contending that the court does not have subject matter jurisdiction because the Commissioner never issued a final decision after a hearing within the meaning of 42 U.S.C. § 405(g). The Commissioner initially did not file a reply brief in support of its motion. This magistrate judge determined that it desired the Commissioner to do so, and ordered the Commissioner to file a reply

brief or withdraw her motion to dismiss. The Commissioner filed a reply brief, and Ms. Laswell then filed a response to that brief. The magistrate judge has considered the arguments presented by the parties in all of their briefs (dockets 9, 12, 15, and 16). The magistrate judge recommends that the district judge grant the Commissioner's motion to dismiss.

The procedural history and facts of this case are materially identical to those addressed by the Seventh Circuit in *Johnson v. Sullivan,* 936 F.2d 974 (7th Cir. 1991), in which the court affirmed the district court's determination that it did not have subject matter jurisdiction to review the Commissioner's decision (a) not to reopen a prior disability application and (b) that administrative *res judicata* barred the subsequent disability application when there could be no contention that the second application was not the same as the first for *res judicata* purposes.

## Analysis

### I. Procedural History

This case involves two successive applications for disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff Kathalene V. Laswell's first application for DIB resulted in a partially favorable determination by an administrative law judge (Judge James R. Norris) in a decision dated September 4, 2008. (*See* Dkt. 9-1 at p. 9).[1] For purposes of DIB, Ms. Laswell's last date insured was December 31, 2007. (*Id.* at p. 10). In the first proceeding, ALJ Norris

---

[1] The procedural history is taken from the ALJ's Order of Dismissal dated November 24, 2010, and which is attached as Exhibit 2 to the Declaration of Robert Weigel. Dkt. 9-1.

determined that Ms. Laswell was disabled for the period of August 1, 1999, through December 31, 2000, but that medical improvement occurred as of January 1, 2001. ALJ Norris found that Ms. Laswell's disability ended as of January 1, 2001, when she became capable of performing a range of light work consistent with the demands of her past relevant work. (*Id.* at pp. 8-9). Ms. Laswell *did not* timely request review by the Appeals Council of the ALJ's September 4, 2008 decision, and ALJ Norris's decision became binding on her. (*Id.* at p. 10). *See* 20 C.F.R. §404.955 (ALJ's decision becomes binding unless claimant requests review of that decision by the Appeals Council).

Ms. Laswell then filed a second application for DIB on September 25, 2008, in which she claimed to have become disabled as of August 6, 2006. (*Id.* at p. 8). Her application was denied initially and on reconsideration, and she requested a hearing before an administrative law judge. (*Id.*). On October 14, 2010, Ms. Laswell (represented by counsel) appeared before ALJ Tammy H. Whitaker, and testimony was heard. (*Id.*). On November 24, 2010, ALJ Whitaker issued her decision in the form of an Order of Dismissal, which denied Ms. Laswell's request for hearing on the grounds that she had not been entitled to a hearing for the following reasons: (1) Ms. Laswell's first application for benefits (the one on which a partially favorable decision was made by ALJ Norris) would not be re-opened and (2) because Ms. Laswell's date last insured for purposes of DIB had expired by the time of ALJ Norris's decision, her second application necessarily was based on the same facts and issues that were determined by ALJ Norris and so her second

3

application was barred by *res judicata.* The Appeals Council denied review of the ALJ's Order of Dismissal. (*See* Dkt. 9-1 at pp. 13-14).

## II. Under *Johnson v. Sullivan,* the court does not have subject matter jurisdiction to review the ALJ's Order of Dismissal.

Judicial review of a decision regarding disability benefits is governed by 42 U.S.C. § 405(g), which permits review only after a "final decision of the Commissioner of Social Security made *after a hearing* to which [the disability claimant] was a party." (Emphasis added.) *See also Giacone v. Schweiker,* 656 F.2d 1238, 1241 (7th Cir. 1981) (Social Security Act and regulations "permit the federal courts to review only a narrowly circumscribed sort of decision by the [Commissioner], namely, one which is "final" and "made after a hearing.") Based on the ALJ's Order of Dismissal denying Ms. Laswell's request for a hearing, thereby nullifying the "hearing" at which Ms. Laswell and others appeared on October 14, 2010, the Commissioner argues that this court does not have subject matter jurisdiction over Ms. Laswell's complaint.

Although it may seem odd that an ALJ (or the Appeals Council) may nullify a hearing that already took place and in so doing affect the jurisdiction of the district court under section 405(g), that was the procedural posture in *Johnson v. Sullivan,* 936 F.2d 974 (7th Cir. 1991). That decision makes clear that a hearing may be nullified for certain reasons that will take the matter beyond the court's power of review.

In *Johnson,* a claimant had filed two successive applications for disability benefits. The first application was denied initially and on reconsideration, and the

4

claimant did not seek a hearing. Thus, the denial of her application became binding on her. The second application was denied initially and on reconsideration, and the claimant asked for a hearing before an ALJ. A hearing was conducted and the ALJ decided to re-open the claimant's first application, and then decided—on the merits of the evidence—that the claimant was not disabled. The claimant sought review by the Appeals Council, which granted the request for review but then determined that the ALJ had erred in re-opening the first application. The Appeals Council said that the ALJ should have denied the claimant's request for a hearing on the ground that her second application was barred by the *res judicata* effect of the denial of her first application. 936 F.2d at 975. The claimant then filed suit and the district court dismissed her complaint, finding that it lacked subject matter jurisdiction to review the Commissioner's decision (manifested in the decision of the Appeals Council).

The Seventh Circuit ruled that the district court was correct in finding that the Commissioner's decision not to reopen the claimant's first application is not subject to judicial review. *Id.* (citing *Califano v. Sanders,* 430 U.S. 99, 107-08 (1977)) (refusal to reopen is a discretionary decision that is not subject to judicial review). Further, the decision *to apply* the principles of administrative *res judicata* is also discretionary and not subject to judicial review. *Id.* The court was careful to note that there was no contention that the second application for benefits did not raise the same claim as in the first application for benefits. *Id.* at 975.

5

Ms. Laswell concedes that this court has no authority to review the Commissioner's decision not to reopen her first application. (Dkt. 12 at p. 2). She argues, however, that the court does have the authority to review the Commissioner's application of *res judicata,* and she cites two Seventh Circuit decisions in which the court "reviewed cases involving issues of agency *res judicata.*" (*Id.* at p. 3). Although the Commissioner did not favor the court with any discussion of the cases cited by Ms. Laswell (*Groves* and *Rucker*), the court finds that they are distinguishable and that *Johnson* controls the dismissal of Ms. Laswell's complaint.

The decision by ALJ Norris on Ms. Laswell's first application covered a period that included Ms. Laswell's date last insured, *i.e.,* the last date as of which she must be found disabled in order to be eligible for Title II benefits. *See Briscoe ex rel. Taylor v. Barnhart,* 425 F.3d 345, 348 (7th Cir. 2005) ("to be entitled to DIB, an individual must establish that the disability arose while he or she was insured for benefits"); *Stevenson v. Chater,* 105 F.3d 1151, 1154 (7th Cir. 1997) (to recover DIB benefits, claimant must establish that her disability arose at least as of the date her status as an insured expired). As a result of the decision not to reopen that first application, the adjudication of Ms. Laswell's first application—which covered the period through her date last insured—necessarily included any claim that Ms. Laswell was disabled at any time for purposes of DIB. That is different from *Groves v. Apfel,* 148 F.3d 809 (7th Cir. 1998), in which the court noted that the decision on the claimant's first application did not include a period of time included in the second application. *Id.* at 810 ("[A]lthough the final judgment denying [the first

application] was res judicata, this did not render evidence submitted in support of the application inadmissible to establish, though only in combination with later evidence, that [the claimant] had become disabled after the period covered by the first proceeding."). Ms. Laswell's other case, *Rucker v. Chater,* 92 F.3d 492, 495 (7th Cir. 1996), also reinforces the principle that an ALJ's determination in case one is binding in later cases with respect to a claimant's eligibility for benefits for the time period covered by the decision in case one.

As in *Johnson,* there can be no contention that Ms. Laswell's second claim before ALJ Whitaker is not the same as the first one before ALJ Norris for *res judicata* purposes. ALJ Norris's decision on the first application covered the entire period from a 1999 alleged onset date to Ms. Laswell's December 31, 2007 date last insured. *See Johnson,* 936 F.2d at 975 (court was not faced with the contention that "Mrs. Johnson's claim is not the same as the first for *res judicata* purposes"). There is no period of time covered by her second application, which seeks to establish disability at some point between 2006 through her date last insured (*see* Dkt. 12 at p.1) that was not included in the first.

Consequently, the court does not have jurisdiction to review the Commissioner's decision and Ms. Laswell's complaint must be dismissed.

7

## Conclusion

The magistrate judge recommends that the court GRANT the Commissioner's motion to dismiss.

The Clerk is directed promptly to mail a copy of this report and recommendation to each party in accordance with Fed. R. Civ. P. 72(a).

Any objections to this report and recommendation must be filed with the court in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) within 14 days of service. Failure to object will result in waiver of objection or appeal of the issues addressed in this report and recommendation.

Counsel should not anticipate extensions of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Date: 07/10/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov